UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| POINTE WIREGRASS, INC. | ) |
| Plaintiff, | ) ) ) |
| v. | ) Case No. 1:16-cv-201-WKW ) |
| NORTHERN INSURANCE COMPANY OF NEW YORK, | ) ) ) ) |
| Defendant. | ) |

## ANSWER

COMES NOW Zurich American Insurance Company ("ZAIC"), incorrectly named as Northern Insurance Company of New York in Plaintiff's Complaint, and for Answer to Plaintiff's Complaint, respectfully states as follows:

### Nature of Action

No responsive pleading is required from the Defendant to the Plaintiff's statement as to the nature of its civil action contained in the paragraph entitled "Nature of Action." To the extent that the statement contained in the paragraph entitled "Nature of Action" requires any response, all allegations contained therein are denied, and Defendant demands strict proof thereof.

### Parties

1. Admitted, upon information and belief, that Plaintiff is an Alabama corporation with its principal place of business in Dothan, Alabama.

2. Denied on grounds that the proper Defendant is Zurich American Insurance Company. ZAIC, however, is a foreign Insurance Company conducting insurance business in Alabama.

### Jurisdiction and Venue

3. Admitted to the extent complete diversity exists and Plaintiff is seeking an amount in excess of $75,000.00. Denied to the extent that Plaintiff is entitled to any damages.

4. Denied on grounds that the proper Defendant is Zurich American Insurance Company. ZAIC, however, admits this court has personal jurisdiction over ZAIC.

5. Admitted.

**Statement of Facts**

6. Admitted, upon information and belief.

7. Admitted that Pointe Wiregrass purchased workers' compensation insurance from Northern (n/k/a ZAIC). All other allegations are denied.

8. Defendant presently has insufficient information to admit or deny the allegations contained in this Paragraph and therefore denies the same.

9. Admitted to the extent the subject Policy listed "building or property management – property managers and leasing agents & clerical, salespersons" code 9012. Defendant presently has insufficient information to admit or deny the remaining allegations contained in this Paragraph and therefore denies the same.

10. Admitted to the extent the January 13, 2014 "Audit Adjustment of Premium" lists code 9012. All other allegations are denied.

11. Admitted upon information and belief.

12. Admitted to the extent that a claim number was assigned. Defense counsel presently has insufficient information to admit or deny the remaining allegations and reserves the right to supplement this response.

13. No response is required to the extent the letter speaks for itself. To the extent a response is required, the allegations are denied.

14. No response is required to the extent the letter speaks for itself. To the extent a response is required, the allegations are denied.

15. No response is required to the extent the Policy speaks for itself. To the extent a response is required, the allegations are denied.

16. Denied.

17. No response is required to the extent the Policy speaks for itself. To the extent a response is required, the allegations are denied.

18. No response is required to the extent the Policy speaks for itself. To the extent a response is required, the allegations are denied.

19. Admitted.

20. No response is required to the extent the letter speaks for itself. To the extent a response is required, the allegations are denied.

21. Counsel for Defendant presently has insufficient information to admit or deny this allegation and reserves the right to supplement this response.

22. Counsel for Defendant presently has insufficient information to admit or deny this allegation and reserves the right to supplement this response.

23. Counsel for Defendant presently has insufficient information to admit or deny this allegation and reserves the right to supplement this response.

### Count I – Breach of Contract

24. Defendant adopts and incorporates its prior response to Paragraphs 1-23 as if fully set forth herein.

25. Denied.

26. Denied.

27. Denied.

28. Denied.

### Count II – Bad Faith Claims Handling and Bad Faith Refusal to Pay

29. Defendant adopts and incorporates its prior response to Paragraphs 1-28 as if fully set forth herein.

30. Denied.

31. Denied.

32. Denied.

33. Denied.

34. Denied.

## Prayer for Relief

Defendant denies Plaintiff is entitled to the relief sought in the paragraph entitled "Prayer for Relief."

## AFFIRMATIVE DEFENSES

### FIRST DEFENSE

Defendant demands strict proof of all material allegations in Plaintiff's Complaint.

### SECOND DEFENSE

Defendant denies it is liable for breach of contract, as alleged in the Complaint.

### THIRD DEFENSE

Defendant denies it is liable for bad faith, as alleged in the Complaint.

### FOURTH DEFENSE

Defendant denies it is liable for damages, as alleged in the Complaint.

### FIFTH DEFENSE

Defendant denies it owes coverage to Plaintiff, as alleged in the Complaint.

### SIXTH DEFENSE

Defendant pleads all policy provisions, including all terms, conditions, and exclusions, of any policies of insurance Plaintiff relies upon to support any of its allegations against Defendant and/or any policies of insurance that may apply to any of Plaintiff's claims against Defendant.

## SEVENTH DEFENSE

Defendant pleads and/or reserves the right to assert the affirmative defenses of failure of and/or lack of consideration, lack of standing, lack of privity, failure to mitigate damages, statute of frauds, parol evidence rule, accord and satisfaction, release, set-off, acquiescence, ratification, estoppel, waiver, fraud, lack of subject matter jurisdiction, lack of personal jurisdiction, statute of limitations, and any other affirmative defenses applicable to Rule 8(c) of the Federal Rules of Civil Procedure, to avoid waiver of these defenses.

## EIGHTH DEFENSE

Defendant pleads the applicable statute of limitations to avoid waiver.

## NINTH DEFENSE

Defendant affirmatively pleads the provisions of ALA. CODE § 27-14-27.

## TENTH DEFENSE

Plaintiff is not entitled to damages from Defendant pursuant to the facts alleged in the Complaint.

## ELEVENTH DEFENSE

Defendant denies Plaintiff is entitled to any relief against it and demands strict proof thereof.

## TWELFTH DEFENSE

Plaintiff is not entitled to punitive damages from Defendant pursuant to the facts alleged in the Complaint.

## THIRTEENTH DEFENSE

Any award of punitive damages in this case is subject to those limitations established by the Alabama Legislature and set forth in Section 6-11-21, Code of Alabama 1975, as amended.

## FOURTEENTH DEFENSE

Plaintiff's claims are subject to the limitations and protections of Section 6-11-27 of the Alabama Code.

# FIFTEENTH DEFENSE

Plaintiff's claim for punitive damages and the provisions of Alabama law governing the right to recover punitive damages or the determination of the amount of punitive damages, violate the United States Constitution and/or the common law and/or the public policies of the United States on the following grounds:

a. It is a violation of the Due Process and Equal Protection Clauses of the Fourteenth Amendment of the United States Constitution to impose punitive damages, which are penal in nature, against a civil defendant, upon Plaintiff satisfying a burden of proof less than the "beyond a reasonable doubt" standard required in criminal cases.

b. The procedures pursuant to which punitive damages are awarded fail to provide a reasonable limit on the amount of a punitive award against a defendant, which violates Defendant's right to due process guaranteed by the United States Constitution.

c. The procedures pursuant to which punitive damages are awarded fail to provide specific standards for the award of punitive damages, which violates the Due Process Clause of the Fourteenth Amendment of the United States Constitution.

d. The procedures pursuant to which punitive damages are awarded result in the imposition of different penalties for the same or similar acts, and thus, violates the Equal Protection Clause of the Fourteenth Amendment of the United States Constitution and Defendant's due process rights.

e. Plaintiff's claim for punitive damages against Defendant cannot be sustained because an award of punitive damages under Alabama law subject to no predetermined limit, such as a maximum multiple of compensatory damages or a maximum amount, on the amount of punitive damages that a jury may impose, including an amount possibly in excess of the amount authorized by the Alabama Criminal Code for the same or similar conduct, and providing no protection against awards of punitive damages for the same course of conduct, will violate Defendant's due process and equal protection rights as guaranteed by the Fifth, Eighth and Fourteenth Amendments to the United States Constitution.

f. The procedures pursuant to which punitive damages are awarded permit the imposition of excessive fines in violation of the Eighth Amendment of the United States Constitution and in violation of Defendant's due process rights.

{B2212358}

g. Plaintiff's claims for punitive damages against Defendant cannot be sustained because an award of punitive damages under Alabama law would violate Defendant's due process rights in as much as juries are allowed to award punitive damages as they see fit or as a matter of "moral discretion" without adequate or specific standards as to the amount necessary to punish and deter and without a necessary relationship to the amount of actual harm caused.

h. Plaintiff's claim for punitive damages and the provisions of Alabama law governing the right to recover punitive damages or the determination of punitive damages are unconstitutionally vague, indefinite and uncertain, and they deprive Defendant of due process of law.

i. Plaintiff's claim for punitive damages and the provisions of Alabama law governing the right to recover punitive damages or the determination of punitive damages cause Defendant to be treated differently from other similarly situated persons/entities by subjecting Defendant to liability beyond the actual loss, if any, caused by Defendant's conduct, if any, and to liability determined without clearly defined principles, standards and limits on the amount of such awards.

j. Plaintiff's claims for punitive damages and the provisions of Alabama law governing the right to recover punitive damages or the determination of punitive damages subject Defendant to punishment for the conduct of others through vicarious liability, respondent superior, or through non-apportionment of damages among joint tortfeasors based on the respective enormity of its alleged misconduct, in violation of Defendant's due process rights and the Fifth and Fourteenth Amendments to the United States Constitution.

k. Plaintiff's claims for punitive damages and the provisions of Alabama law governing the right to recover punitive damages or the determination of punitive damages expose Defendant to the risk of indefinable, unlimited liability unrelated to the actual loss caused by Defendant's conduct, creating a chilling effect on Defendant's exercise of its right to a judicial resolution of this dispute.

l. Plaintiff is not entitled to recover punitive damages because it violates the Self Incrimination Clause of the Fifth Amendment to the United States Constitution to impose against Defendant punitive damages, which are penal in nature, yet compel Defendant to disclose potentially incriminating documents and evidence.

m. An award of punitive damages in this case would constitute a deprivation of property without due process of law.

n. The procedures pursuant to which punitive damages are awarded are not rationally related to legitimate government interests.

o. The procedures pursuant to which punitive damages are awarded subject Defendant to punishment under a law not fully established before the alleged offense.

### SIXTEENTH DEFENSE

Plaintiff's claims for punitive damages and the provisions of Alabama law governing the right to recover punitive damages or the determination of the amount of punitive damages, violate the Alabama Constitution and/or the common law or public policies of Alabama on the following grounds:

a. It is a violation of Article I, Sections 1 and 6 of the Alabama Constitution to impose punitive damages, which are penal in nature, upon a civil defendant, upon Plaintiff satisfying a burden of proof less than the "beyond a reasonable doubt" standard required in criminal cases.

b. The procedures pursuant to which punitive damages are awarded fail to provide a reasonable limit on the amount of a punitive award against a defendant in violation of Defendant's due process rights guaranteed by the Alabama Constitution.

c. The procedures pursuant to which punitive damages are awarded are unconstitutionally vague, indefinite and uncertain, and deprive Defendant of due process of law in violation of the Alabama Constitution.

d. The procedures pursuant to which punitive damages are awarded fail to provide specific standards for the amount of an award of punitive damages and deprive Defendant of due process of law in violation of the Alabama Constitution.

e. An award of punitive damages in this case would constitute a deprivation of property without due process of law.

f. The procedures pursuant to which punitive damages are awarded cause Defendant to be treated differently from other similarly situated persons and/or entities by subjecting Defendant to liability beyond the actual loss, if any, caused by Defendant's conduct, if any, and to liability determined without clearly defined principles, standards and limits on the amount of such awards.

g. The procedures pursuant to which punitive damages are awarded may result in the imposition of different or disparate penalties for the same or similar conduct, which denies Defendant its rights of equal protection and due process.

h. The procedures pursuant to which punitive damages may be awarded allow excessive fines to be imposed in violation of Article I, Section 15 and Article I, Section 1 of the Alabama Constitution and in violation of Defendant's due process rights.

i. The procedures pursuant to which punitive damages are awarded subject Defendant to punishment under a law not fully established before the alleged offense, in violation of Article I, Section 7 of the Alabama Constitution.

j. It is a violation of the Alabama Constitution to impose punitive damages against Defendant, which are penal in nature, yet compel Defendant to disclose potentially incriminating documents and evidence.

k. The procedures pursuant to which punitive damages are awarded subject Defendant to punishment for the conduct of others through vicarious liability, respondeat superior, or through non-apportionment of damages among joint tortfeasors based on the respective enormity of its alleged misconduct, in violation of Defendant's due process rights and Article I, Sections 1, 6, 13 and 22 of the Alabama Constitution.

l. The procedures pursuant to which punitive damages are awarded expose Defendant to the risk of indefinable, unlimited liability unrelated to the actual loss caused by Defendant's conduct, creating a chilling effect on Defendant's exercise of its right to a judicial resolution of this dispute.

m. The procedures pursuant to which punitive damages are awarded are not rationally related to legitimate government interests.

n. Plaintiff's claim for punitive damages against Defendant cannot be sustained because an award of punitive damages under Alabama law subject to no predetermined limit, such as a maximum multiple of compensatory damages or a maximum amount, on the amount of punitive damages that a jury may impose, including an amount possibly in excess of the amount authorized by the Alabama Criminal Code for the same or similar conduct, and providing no protection against awards of punitive damages for the same course of conduct, will violate Defendant's due process and equal protection rights guaranteed by the Alabama Constitution. Further, to allow such an award would be improper under the common law and/or public policies of Alabama.

o. Plaintiff's claims for punitive damages cannot be sustained because any award of punitive damages under Alabama law would violate Defendant's due process rights inasmuch as juries are allowed to award punitive damages as they see fit or as a matter of "moral discretion" without adequate or specific standards as to the amount necessary to punish and deter and without a necessary relationship to the amount of actual harm caused.

### SEVENTEENTH DEFENSE

An award of punitive damages will violate Defendant's right to due process of law under the Fifth and Fourteenth Amendments to the United States Constitution and Defendant's rights under Article I, Sections 6 and 13 of the Alabama Constitution of 1901, because under Alabama law: (a) the standard for an award of punitive damages is so vague, indefinite and uncertain that it does not give Defendant adequate notice of the kind of conduct for which Defendant may be liable for punitive damages or the extent of its possible liability; (b) the judge or jury is not provided with constitutionally adequate standards of sufficient clarity, objectivity, and uniformity for determining either the appropriate imposition of an award of punitive damages or the appropriate size of an award of punitive damages; (c) the judge or jury is not instructed in a constitutionally adequate manner on the limits of punitive damages awards imposed by the applicable principles of punishment and deterrence; (d) the judge or jury is not expressly prohibited from awarding punitive damages, or from determining the amount of an award of punitive damages, in whole or in part, on the basis of individually discriminatory characteristics, including without limitation the residence, wealth, and corporate status of a Defendant; (e) Defendant may be subjected to punishment based on the same course of conduct in more than one action; (f) the judge or jury is permitted to award punitive damages under standards for determining liability for, and the amount of, punitive damages that are vague and arbitrary and that do not define with sufficient clarity the culpable conduct or mental state that makes an award of punitive damages permissible; and (g) an award of punitive damages is not subject to judicial review for reasonableness and furtherance of legitimate purposes on the basis of constitutionally adequate standards of sufficient clarity, objectivity, and uniformity.

### EIGHTEENTH DEFENSE

Plaintiff's claim for punitive damages is barred because an award of punitive damages under Alabama law will constitute an impermissible burden on interstate commerce in violation of the Commerce Clause of Article I, Section 9 of the United States Constitution.

## NINETEENTH DEFENSE

Plaintiff's claim for punitive damages is barred to the extent it seeks the admission into evidence of Defendant's net worth in determining whether punitive damages are to be awarded and/or in what amount they are to be awarded because punitive damages are a form of punishment grounded in a Defendant's status, rather than in specific misconduct, and thus has the effect of treating classes of citizens unequally in violation of the Equal Protection Clause of the Fifth and Fourteenth Amendments to the United States Constitution and Article I, Sections 1, 6, 13, and 22 of the Alabama Constitution.

## TWENTIETH DEFENSE

Plaintiff's claim for punitive damages against Defendant cannot be upheld because an award of punitive damages under Alabama law without bifurcating the trial of all punitive damages would violate Defendant's due process rights guaranteed by the United States Constitution and the Alabama Constitution.

## TWENTY-FIRST DEFENSE

Punitive damages are a form of criminal or quasi-criminal sanctions. Therefore, Plaintiff's claims for punitive damages cannot be upheld because an award of punitive damages without the same protections accorded criminal Defendant, including but not limited to, against search and seizure, double jeopardy and self-incrimination and the rights to confront adverse witnesses, to proof by evidence beyond a reasonable doubt, and to a speedy trial would violate Defendant's rights under the Fourth, Fifth, Sixth and Fourteenth Amendments to the United States Constitution and Article 1, Sections 1, 5, 6, 7, 9, 11, 13 and 22 of the Alabama Constitution. These rights will be violated unless Defendant is afforded the safeguards guaranteed by these provisions, including, but not limited to, the right to separate trials if requested by Defendant for the determination of liability for compensatory and punitive damages, as well as for the determination of the amount of punitive damages, if any.

## TWENTY-SECOND DEFENSE

Plaintiff cannot recover punitive damages because such an award, which is penal in nature, would violate Defendant's constitutional rights protected under the Alabama Constitution of 1901, as amended in the Constitution of the United States, unless Defendant is afforded the same procedural safeguards as are afforded criminal Defendant, including but not limited to, the right to avoid self

incrimination, the right to forego production and disclosure of incriminating documents.

### TWENTY-THIRD DEFENSE

Plaintiff's claim for punitive damages cannot be upheld because an award of punitive damages under Alabama law for the purpose of compensating Plaintiff for elements of damage not otherwise recognized by Alabama law would violate Defendant's due process rights guaranteed by the United States Constitution and by the due process provisions of the Alabama Constitution.

### TWENTY-FOURTH DEFENSE

Plaintiff's claim for punitive damages cannot be upheld to the extent it is based on purported activities in other states which may not violate the laws of those other states or for which no evidence is presented establishing the activities violate the laws of those other states; to do so would violate Defendant's rights under the Alabama Constitution and the United States Constitution.

### TWENTY-FIFTH DEFENSE

Plaintiff's claim for punitive damages is unconstitutional in that it seeks to punish Defendant for and deter Defendant from lawful conduct occurring outside the State of Alabama and hence violates fundamental and long-standing principles of state sovereignty and comity.

### TWENTY-SIXTH DEFENSE

Plaintiff's claim for punitive damages cannot be upheld to the extent it is a violation of any law passed by the United States Congress or the Alabama Legislature limiting awards of punitive damages.

### TWENTY-SEVENTH DEFENSE

Plaintiff's claim for punitive damages cannot be upheld to the extent it violates or contravenes the holding of the United States Supreme Court in ruling on the case of *BMW of North America v. Gore*, 517 U.S. 559 (1996).

### TWENTY-EIGHT DEFENSE

Plaintiff's claim for punitive damages cannot be upheld based on all grounds the United States Supreme Court in *BMW of North America v. Gore*, 517 U.S. 559 (1996), determined that the provisions of Alabama law governing the

right to recover punitive damages or the determination of the amount of punitive damages violate Defendant's rights provided by the United States Constitution.

### TWENTY-NINTH DEFENSE

Plaintiff's claim for punitive damages cannot be upheld under *BMW of North American v. Gore*, 517 U.S. 559 (1996) to the extent it is not based on the least drastic remedy or lowest amount of punitive damages that could be expected to ensure Defendant will more fully comply with this State's laws in the future.

### THIRTIETH DEFENSE

The Alabama statute authorizing punitive damages, ALA. CODE § 6-11-20 and 6-11-21, is unconstitutionally vague as written, construed, and applied.

### THIRTY-FIRST DEFENSE

Plaintiff's claim for punitive damages violates the Due Process Clause of the Fourteenth Amendment in that Plaintiff's claim is not necessary to vindicate the State's interest in punishing Defendant and deterring it from future misconduct.

### THIRTY-SECOND DEFENSE

Plaintiff's claim for punitive damages is unconstitutional in that it seeks to punish Defendant for and deter Defendant from lawful conduct occurring outside the State of Alabama and hence violates fundamental and long-standing principles of state sovereignty and immunity. *State Farm Mut. Auto. Ins. Co. v. Campbell*, 538 U.S. 408, 123 S. Ct. 1513, 155 L.Ed. 2d 585, 2003 WL 1791206 (April 7, 2003).

### THIRTY-THIRD DEFENSE

Plaintiff's claim for punitive damages violates the due process clause of the Fourteenth Amendment in that Plaintiff's claims are not necessary to vindicate the State's interest in punishing Defendant and deterring Defendant from future misconduct. *State Farm Mut. Auto. Ins. Co. v. Campbell*, 538 U.S. 408, 123 S. Ct. 1513, 155 L.Ed. 2d 585, 2003 WL 1791206 (April 7, 2003).

### THIRTY-FOURTH DEFENSE

Plaintiff's claim for punitive damages cannot be upheld to the extent it violates or contravenes the ratio of punitive damages allowed by the holding of the United States Supreme Court in ruling on the case of *State Farm Mut. Auto. Ins. Co. v. Campbell,* 538 U.S. 408, 123 S. Ct. 1513, 155 L.Ed. 2d 585, 2003 WL 1791206 (April 7, 2003).

### THIRTY-FIFTH DEFENSE

Plaintiff's claim for punitive damages cannot be upheld because an award of punitive damages under Alabama law without bifurcating the trial of all punitive damages would violate Defendant's due process rights guaranteed by the United States Constitution and the Alabama Constitution.

### THIRTY-SIXTH DEFENSE

Federal constitutional law obligates this Court to provide procedural protection against the risk of a jury punishing Defendant for potential injury to persons not before the Court. *Phillip Morris v. Williams,* 549 U.S. ---, 2007 WL 505781 at *7 (Feb. 20, 2007). Stated differently, the Due Process Clause requires this Court to "provide assurance that [the jury is not] asking the wrong question, i.e., seeking not simply to determine reprehensibility, but also to punish for harm caused to strangers." *Id.* *6.

### THIRTY-SEVENTH DEFENSE

"[T]he Due Process Clause forbids a State to use a punitive damages award to punish a Defendant for injury that it inflicts upon nonparties or those whom they directly represent, i.e., injury that it inflicts upon those who are, essentially, strangers to the litigation." *Id.* *5.

### THIRTY-EIGHTH DEFENSE

"[T]he Due Process Clause prohibits a State from punishing an individual without first providing that individual with 'an opportunity to present every available defense.'" *Id.* at *5 (quoting *Lindsey v. Normet,* 405 U.S. 56, 66 (1972)).

### THIRTY-NINTH DEFENSE

The Due Process Clause prohibits punishment of a defendant based on injury to a nonparty victim because such "would add a near standardless dimension to the punitive damages equation." *Id.* Such punishment would be based on speculation and, thus, magnifies the fundamental due process concerns of

"arbitrariness, uncertainty and lack of notice." *Id.* at *5 (citing *State Farm Mut. Auto. Ins. Co. v. Campbell*, 538 U.S. 408, 416, 418 (2003)).

### FORTIETH DEFENSE

Defendant affirmatively pleads the provisions of ALA. CODE § 27-14-27 and reserves the right to rescind the policy upon the discovery of any fraud or misrepresentation on the part of the Plaintiff.

### FORTY-FIRST DEFENSE

Plaintiff has failed to satisfy all conditions precedent to the contract and/or application for insurance, including but not limited to the payment of premiums.

### FORTY-SECOND DEFENSE

Plaintiff has failed to state a claim upon which relief may be granted.

### FORTY-THIRD DEFENSE

Plaintiff has failed to prove the extent of damages she is entitled to recover.

### FORTY-FOURTH DEFENSE

Plaintiff is not entitled to any damages from Defendant pursuant to the facts alleged in the Complaint and Defendant denies it is guilty of any conduct that proximately caused or contributed to cause Plaintiff's alleged damages.

### FORTY-FIFTH DEFENSE

Plaintiff has failed to join a proper and indispensable party.

### FORTY-SIXTH DEFENSE

Defendant complied with all conditions and policy language.

### FORTY-SEVENTH DEFENSE

Defendant properly cancelled the policy in accordance with the policy terms and Alabama law.

## FORTY-EIGHTH DEFENSE

Defendant reserves the right to amend this Answer and assert any additional defenses that may be discovered during the course of its investigation and factual discovery.

## DEFENDANT DEMANDS A TRIAL BY STRUCK JURY ON ALL ISSUES SO TRIABLE

Respectfully submitted,

s/ Reed R. Bates
Reed R. Bates – BAT024
Alex Terry Wood – TER022
STARNES DAVIS FLORIE LLP
Post Office Box 598512
Birmingham, AL 35259-8512
Telephone: (205) 868-6000
Fax: (205) 868-6099
E-mail: rrb@starneslaw.com

## CERTIFICATE OF SERVICE

I certify that on May 9, 2016, 2016, I electronically filed the foregoing using the Alafile system and served a copy of the foregoing on the following by electronic filing or U.S. Mail, postage prepaid:

Hallman B. Eady
Bradley Arant Boult Cummings LLP
One Federal Place
1819 5th Avenue North
Birmingham, AL 35203-2104

s/ Reed R. Bates
Of Counsel

{B2212358}